## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KELLY MCCORMACK,

        Plaintiff,

v.                                                    Case No. 3:21-cv-43-MMH-JBT

USAA CASUALTY INSURANCE
COMPANY, et al.,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court with Supporting Memorandum of Law (Doc. 6; Motion) filed on January 20, 2021. Defendant USAA Casualty Insurance Company ("USAA") filed a response in opposition to the Motion on January 21, 2021. See USAA Casualty Insurance Company's Response in Opposition to Plaintiff's Motion to Remand (Doc. 7; Response). Plaintiff Kelly McCormack filed an Unopposed Notice of Supplemental Authority (Doc. 13; Notice of Supplemental Authority) on January 22, 2021. The Motion is now ripe for resolution.

### I.    Background

McCormack initiated this action on December 11, 2020, by filing suit against Defendants USAA, Raymond L. Simpson, and Elizabeth F. Simpson.

See Plaintiff's Complaint (Doc. 3; Complaint).  In the Complaint, McCormack alleges that Elizabeth F. Simpson was operating a vehicle owned by Raymond L. Simpson when she negligently collided into the rear of McCormack's vehicle. Id. at 2, ¶¶ 5-8.  McCormack asserts claims for negligence against Defendants Raymond L. Simpson and Elizabeth F. Simpson ("the Simpsons") and seeks to recover proceeds pursuant to her uninsured/underinsured motorist policy with Defendant USAA.  See generally id.  McCormack served USAA with the Complaint on January 5, 2021.  See USAA CIC Casualty Insurance Company's Notice of Removal (Doc. 1; Notice of Removal) at 7.  Within thirty days of service, on January 14, 2021, USAA removed the action to this Court.  Id.  In doing so, USAA invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332.  See id. at 4.  In support of removal, USAA attached, among other documents, pre-suit demand letters (the "Demand Letters") that McCormack submitted to the Simpsons and USAA before filing this suit.  Id., Ex. G & H. In the Demand Letters, sent on June 3, 2020, McCormack sought the $250,000 policy limits from State Farm Insurance Company, as the insurer for Elizabeth F. Simpson, and the $100,000 policy limits from USAA, McCormack's uninsured/underinsured motorist insurer.  Id. at 6, ¶ 31, Ex. G & H.

In the instant Motion, McCormack argues that the Court should remand this action back to state court for the following reasons: (1) the Simpsons have not consented to removal pursuant to § 1446(b)(2)(A), (2) pre-suit demand

2

letters do not constitute "other paper" under § 1446(b) and cannot be considered in determining whether or not the amount in controversy satisfies the jurisdictional threshold required under § 1332, and (3) even if pre-suit demand letters can be considered, USAA still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  <u>See</u> <u>generally</u> Motion.  USAA opposes the Motion and maintains that consent was not required from the Simpsons because they had not yet been served and elaborates on the arguments presented in the Notice of Removal regarding satisfaction of the amount in controversy requirement.  <u>See</u> <u>generally</u> Response.

On January 22, 2021, the day after USAA filed its Response to the Motion, McCormack filed her Notice of Supplemental Authority with an affidavit establishing that she accomplished service of process on the Simpsons on January 13, 2021.  <u>See</u> Notice of Supplemental Authority, Ex. A & B.  The Simpsons answered the Complaint on January 28, 2021, and on that same date, consented to USAA's Notice of Removal.  <u>See</u> Defendants Raymond L. Simpson's and Elizabeth F. Simpson's Answer, Affirmative Defenses and Demand for a Jury Trial (Doc. 10) and Notice of Defendants Raymond L. Simpson's and Elizabeth F. Simpson's Consent to Defendant USAA CIC's Removal (Doc. 11; Notice of Consent).  The filing of the Notice of Consent renders moot McCormack's argument in support of remand that Defendants'

failed to comply with the unanimity rule.[1]  As such, the Court will address McCormack's remaining arguments that the Court cannot consider the Demand Letters and that Defendants have failed to show that the amount in controversy satisfies the jurisdictional threshold.

## II.   Standard

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010).  The removing party bears the burden of demonstrating that federal jurisdiction exists.  Kirkland v. Midland Mtg. Co.,

---

[1]     The unanimity rule requires all defendants to consent to the removal of the case to federal court within the thirty-day period set forth in 28 U.S.C. § 1446(b).  See Leaming v. Liberty Univ., Inc., No. CIV.A.07 0225 WS C, 2007 WL 1589542, at *2 (S.D. Ala. June 1, 2007); Gay v. Fluellen, No. 8:06-cv-2382-T-30MSS, 2007 WL 676219, at *1-2 (M.D. Fla. Mar. 1, 2007); Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1328 (M.D. Fla. Apr. 9, 2003); Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1341 (M.D. Fla. 2003).  There has been much debate over the calculation of that thirty-day period, see Hill Dermaceuticals, Inc. v. RX Sols., United Health Grp., Inc., No. 6:08-CV-330-ORL31KRS, 2008 WL 1744794, at *3-4 (M.D. Fla. Apr. 11, 2008); Gen. Pump & Well, Inc. v. Laibe Supply Corp., No. CV607-30, 2007 WL 3238721, at *2-3 (S.D. Ga. Oct. 31, 2007); Leaming, 2007 WL 1589542, at *2 n.2; C.L.B. v. Frye, 469 F. Supp. 2d 1115, 1118-19 (M.D. Fla. 2006); Smith, 252 F. Supp. 2d at 1341-46; see also Diebel, 262 F. Supp. 2d at 1328-29; however, the Eleventh Circuit settled the dispute in this Circuit in Bailey v. Janssen Pharmaceutica, Inc., see 536 F.3d 1202, 1205, 1208 (11th Cir. 2008).  It concluded that each defendant has thirty days from the date of service on that defendant to remove the case.  See id. at 1205, 1205 n.4.  Additionally, the unanimity rule requires that each defendant give notice to the Court of its consent to removal.  See Hill Dermaceuticals, 2008 WL 1744794, at *4; Leaming, 2007 WL 1589542, at *2; Gay, 2007 WL 676219, at *2; Beard v. Lehman Bros. Holdings, 458 F. Supp. 2d 1314, 1319-21 (M.D. Ala. Sep. 15, 2006); Smith, 252 F. Supp. 2d at 1339.

Here, the Simpsons gave the Court notice of their consent to removal on January 28, 2021.  See Notice of Consent.  Because USAA's date of service was January 5, 2021, and the Simpsons' date of service was January 13, 2021, consent of all Defendants was obtained well within the thirty-day period set forth in § 1446(b).  See id.; see Notice of Removal at 7; see Notice of Supplemental Authority, Ex. A & B.

243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[2]  Where, as here, the Defendants rely on diversity jurisdiction under § 1332(a) as the basis for removal, they must show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In this case, McCormack does not dispute that the parties are of diverse citizenship.[3]  See Motion at 2-3, ¶ 6.  Therefore, the only jurisdictional question before the Court concerns whether the amount in controversy requirement has been satisfied.  Williams, 269 F.3d at 1319.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied."  Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608 F.3d at 752 (quoting Williams, 269 F.3d at 1319); Roe, 613 F.3d at 1061.  "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."  Roe, 613 F.3d at 1061.  However, in other cases, "it may be

---

[2]    Although Pretka involved removal under the Class Action Fairness Act of 2005 (CAFA), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446."  Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, the Court finds Pretka's analysis applicable to the case at bar.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

[3]    McCormack is a citizen of the state of Florida, USAA is a foreign corporation with its principal place of business in Texas, and the Simpsons are citizens of South Carolina.  See Notice of Removal at 5.

'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'"  Id. (quoting Pretka, 608 F.3d at 754).  In determining whether the amount in controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751 (citations omitted); see also Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), overruled on other grounds by Alvarez v. Uniroyal Tire Co, 508 F.3d 639, 640-41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy.  See Pretka, 608 F.3d at 752.  However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754).  Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062.  Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754.  All that is

required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement.  See id. at 752.  However, in considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted).  Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff.  See Roe, 613 F.3d at 1064.  To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant."  See id.

### III.   Discussion

In the Motion, McCormack asserts that the Court cannot consider pre-suit demand letters in determining whether or not the amount in controversy satisfies the jurisdictional threshold required under § 1332.  McCormack incorrectly relies on 28 U.S.C § 1446(b)(3) in support of this argument.  See

7

Motion at 11.  "[B]ecause [USAA] filed its notice of removal within thirty days of being served with the summons and initial complaint," the removal is governed by what was formerly referred to as the first paragraph of § 1446(b). See Pretka, 608 F.3d at 757; Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 n. 2 (11th Cir. 2010).  Section 1446 was reorganized by Congress in 2011. Until that reorganization, § 1446(b)(1) was known as the "first paragraph," and § 1446(b)(3) was referred to as the "second paragraph."  See Albritton v. Geovera Specialty Servs., Inc., 961 F.Supp.2d 1220, 1222 (M.D. Fla. 2013); Davis v. Country Cas. Ins. Co., No. 6:13–cv–513–SLB, 2013 WL 3874709, at *2 n. 5 (N.D. Ala. July 25, 2013); Musgrove v. Kellogg Brown & Root, LLC, No. 13–0104–WS–C, 2013 WL 1827583, at *2 (S.D. Ala. Apr. 29, 2013) (citing Pretka, 608 F.3d at 757).  This distinction is significant because, as a first paragraph removal, "[D]efendant[s] may present additional evidence-business records and affidavits, for instance-to satisfy its jurisdictional burden."  Roe, 613 F.3d at 1061 n. 4; see also Pretka, 608 F.3d at 761–62, 770–71 ("[The f]irst paragraph does not restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal.").

Indeed, where a notice of removal is filed within thirty days of being served a complaint "it is well-settled that a pre-suit settlement demand 'counts for something' in determining the amount in controversy."  Galano v. Target Corp., No. 1:17-CV-20439, 2017 WL 7803809, at *3 (S.D. Fla. Nov. 13, 2017),

report and recommendation adopted, No. 17-20439-CIV, 2018 WL 1143841 (S.D. Fla. Jan. 22, 2018) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)).  Accordingly, McCormack's contention that the Demand Letters cannot be used in determining the amount in controversy is without merit.

Having determined that the Court is permitted to consider the Demand Letters attached to the Notice of Removal, the Court turns to McCormack's argument that even considering the Demand Letters, Defendants still have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See Motion at 7-10.  "When referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'"  See Boyd v. State Farm Mut. Auto. Ins. Co., No. 6:15-cv-1965-Orl-22TBJ, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)).  If a pre-suit demand letter provides "a reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis."  Id. (internal quotation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-

29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015).  In contrast, a demand for a lump sum amount "without the slightest suggestion how in the world the plaintiff[] could support such a figure," is considered nothing more than mere posturing.  See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

Before filing her lawsuit, McCormack submitted the Demand Letters to State Farm as the insurer of Elizabeth F. Simpson and to USAA in which she sought to resolve her claims for $250,000 and $100,000 respectively.  See Response at 4-6; see Notice of Removal at 6, ¶ 31.  With regard to the demand to USAA, the $100,000 figure equals the limits on McCormack's uninsured/underinsured motorist coverage.  Notice of Removal at 2, ¶ 3, Ex. H. In the Demand Letters, McCormack provides specific information substantiating her damages.  Upon careful review, the Court declines to find McCormack's Demand Letters do not amount to a reasonable assessment of the value of the claims or that they are "puffing and posturing."  Having considered the Demand Letters, the Notice of Removal, the arguments of the parties, and the Complaint, the Court finds that the evidence of McCormack's claims for damages including past and specifically delineated future medical expenses, loss of income, and pain and suffering, as well as the nature of the case and the injuries alleged, are sufficient to show that the amount in controversy exceeds $75,000.  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058,

1065 (11th Cir. 2010) (recognizing a court's ability to look to judicial experience and common sense to evaluate the value of claims).  Accordingly, Defendants have shown "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied," <u>Kirkland</u>, 243 F.3d at 1281 n. 5, and Plaintiff's Motion for remand is due to be denied.

In light of the foregoing, it is

**ORDERED:**

Plaintiff's Motion to Remand to State Court with Supporting Memorandum of Law (Doc. 6) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on February 23, 2021.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc28
Copies to:

Counsel of Record